UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH BUSHTA                    :
and JENNIFER BUSHTA,             :
                                 :CIVIL ACTION NO. 3:12-CV-473
       Plaintiffs,               :
             v.                  :(JUDGE CONABOY)
                                 :
JAMES C. HILTON, GREAT WIDE      :
TRANSPORTATION, LLC and/or       :
GE BUSINESS SERVICES, INC.,      :
WINSTON J. WHITNEY,              :
U.S. TRAILER RELOCATORS, LLC     :
and/or RENTAL TRAILERS OF        :
LAREDO,                          :
                                 :
       Defendants.               :
                                 :

---

**MEMORANDUM**

Here we consider Defendants, James C. Hilton, Great Wide
Transportation, LLC and/or GE Business Financial Services, Inc.'s
Motion for Summary Judgment (Doc. 34).[1]  With this motion, Moving
Defendants assert that the lawsuit arises out of two distinct
accidents and Plaintiffs cannot satisfy the causation element of
the negligence claims against them based on the one-vehicle
accident that relates to Moving Defendants.  (Doc. 35 at 1-2.)  For
the reasons discussed below, we conclude Moving Defendants' summary
judgment motion is properly denied.

---

[1] For the purposes of this Memorandum and simultaneously filed
Order, Defendants James C. Hilton, Great Wide Transportation, LLC
and/or GE Business Financial Services, Inc., will be referred to
collectively as "Moving Defendants" and Defendants Winston J.
Whitney, U.S. Trailer Relocators, LLC, and/or Rental Trailers of
Laredo will be referred to collectively as "Nonmoving Defendants."

## I. Background

According to Defendants' Statement of Material Facts in Support of Its Motion for Summary Judgment (Doc. 36) filed by Moving Defendants, Plaintiff Joseph T. Bushta ("Plaintiff") has been a patrol officer with the Pennsylvania State Police since 2002.[2]  (Doc. 36 ¶ 1.)  On February 25, 2011, he was called to assist with traffic on State Road 81 in New Milford, Township, Pennsylvania, due to an accident on SR 81 northbound involving one vehicle which Defendant James Hilton was driving.[3]  (*Id.* ¶¶ 2- 3.)  Defendant Hilton was driving a tractor-trailer on behalf of Defendant Greatwide.  (*Id.* ¶ 3.)  The accident occurred when Defendant Hilton failed to negotiate a right curve in the roadway, ended up traveling off the roadway and on the west berm, thereby causing the tractor and trailer to roll on its side.  (*Id.*)

Plaintiff stopped in the crossover median at mile marker 223, approximately three-quarters of a mile to a mile south of the accident.  (*Id.* ¶¶ 5-6.)  Plaintiff's vehicle was completely off the road, including the berm of the road.  (*Id.* ¶ 7.)  He did not get out of the car, nor did he plan to do so at any point.  (*Id.* ¶¶

---

[2]  Neither Plaintiffs nor Nonmoving Defendants filed a responsive statement of material facts as required by Local Rule 56.1 of the Local Rules of Court of the Middle District of Pennsylvania.  Therefore, Moving Defendants' statements are deemed admitted.  *Id.*

[3]  The Police Crash Report for the accident in which Plaintiff was injured lists the location of the accident as Interstate 81. (Doc. 40-1 at 1.)

10-11.)  He did not put out any flares or sound his siren.  (*Id.* ¶ 13.)  Plaintiff was in the crossover for less than five (5) minutes, with lights and flashers (including overhead red and blue lights) on, when his vehicle was struck by a tractor-trailer driven by Defendant Winston J. Whitney.  (*Id.* ¶¶ 8-9.)  Defendant Whitney was driving on behalf of U.S. Trailer Relocators, LLC and/or Rental Trailers of Laredo.  (*Id.* ¶ 9.)

Approximately thirty (30) minutes separated the initial accident involving Defendant Hilton and the second accident involving Defendant Whitney.  (*Id.* ¶ 12.)  Plaintiff never went to the scene of the accident involving Defendant Hilton, never spoke to Defendant Hilton, reported he knew nothing about the accident, and was not part of the investigation.  (*Id.* ¶¶ 14-17.)

Defendant Whitney's accident was investigated by Trooper Timothy Gilhooley of the Pennsylvania State Police, Gibson, Pennsylvania, barracks.  (Doc. 40-1 at 2-7.)  The Police Crash Report listed the weather conditions to be "sleet (hail)," the road surface conditions to be "slush," and the location of the accident in relation to the roadway to be "shoulder."  (Doc. 40-1 at 1.)  In the "Environmental/Roadway Potential Factors" section of the Report, "slippery road conditions (ice/snow)" is identified as a factor, the "Prime Factor" is listed to be "driver action," and the "Prime Factor Driver Action" is identified as "driving too fast for conditions."  (*Id.*)  The diagram in the Report did not include any

reference to the accident involving Defendant Hilton. (Doc. 36 ¶ 20.)

Based on the events of February 25, 2011, Plaintiff Joseph Bushta and his wife Plaintiff Jennifer Bushta filed a Complaint in this Court on March 15, 2012. (Doc. 1.) The Complaint contains six counts: Count 1 - Joseph Bushta against Defendants Hilton, Great Wide Transportation, LLC and/or GE Business Financial Services, Inc. alleging carelessness and negligence; Count 2 - Joseph Bushta and Jennifer Bushta against Defendants Great Wide Transportation, LLC and/or GE Business Financial Services, Inc. alleging Defendant Hilton was an agent, servant, workman, or employee; Count 3 - Jennifer Bushta against Defendants Hilton, Great Wide Transportation, LLC and/or GE Business Financial Services, Inc. alleging deprivation of the assistance and society of her husband; Count 4 - Joseph Bushta against Defendants Whitney, U.S. Trailer Relocators, LLC and/or Rental Trailers of Laredo alleging carelessness and negligence; Count 5 - Joseph Bushta and Jennifer Bushta against Defendants Great Wide Transportation, LLC and/or GE Business Financial Services, Inc. alleging Defendant Whitney was an agent, servant, workman, or employee; and Count 6 - Jennifer Bushta against Defendants Whitney, U.S. Trailer Relocators, LLC and/or Rental Trailers of Laredo alleging deprivation of the assistance and society of her husband. (Doc. 1.)

4

Defendants James Hilton, Great Wide Transportation, LLC and/or GE Business Financial Services, Inc. filed the summary judgment motion under consideration here on August 6, 2013. (Doc. 34.) They seek judgment in their favor on all claims against them. (Doc. 35.) Moving Defendants also filed a statement of material facts (Doc. 36) and supporting brief (Doc. 35). On September 16, 2013, Plaintiffs filed a brief in opposition to the summary judgment motion. (Doc. 40.) On September 18, 2013, Nonmoving Defendants Whitney, U.S. Trailer Relocators, LLC and/or Rental Trailers of Laredo filed a brief in opposition to the summary judgment motion. (Doc. 42.) With the filing of Moving Defendants reply brief (Doc. 44) on September 25, 2013, the summary judgment motion became ripe for disposition.

## II. Discussion

### a. *Summary Judgment Standard*

Summary judgment is appropriate when the movant demonstrates there is no "genuine issue as to any material fact." Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving

party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson*, 477 U.S. at 248). In determining whether a genuine issue of fact exists, a court must resolve all factual doubts and draw all reasonable inferences in favor of the nonmoving party. *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004) (citation omitted).

The initial burden is on the moving party to show an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citations omitted). The moving party may meet this burden by "pointing out to the district court [] that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the ultimate burden of proof." *Id.* at 325. The non-moving party may not rest on the bare allegations contained in his or her pleadings, but is required by Federal Rule of Civil Procedure 56 to go beyond the pleadings by way of affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. *Id.* at 324.

Where underlying facts are in dispute, the facts are viewed in the light most favorable to the plaintiff. *Abramson v. William Patterson College of N.J.*, 260 F.3d 265, 267 (3d Cir. 2001) (citing *Drinkwater v. Union Carbide Corp.*, 904 F.2d 853, 854 N.1 (3d Cir.

6

1990).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of evidence."  *Anderson*, 477 U.S. at 255.  Therefore, when evidentiary facts are in dispute, when the credibility of witnesses may be in issue, or when conflicting evidence must be weighed, a full trial is usually necessary.

**b.  *Moving Defendants' Motion***

Moving Defendants assert they are entitled to summary judgment because Defendant Hilton's accident was not the proximate cause of Plaintiff Joseph Bushta's injuries.  (Doc. 35 at 7.)  They further assert that this issue is for the Court to decide as a matter of law.  (Doc. 35 at 11.)  We conclude summary judgment is not appropriate on this issue.

In Pennsylvania, the elements of a cause of action based on negligence are:

> (1) a duty or obligation recognized by the law requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks;

> (2) defendant's failure to conform to the standard required;

> (3) a causal connection between the conduct and the resulting injury;

> (4) actual loss or damage to the plaintiff.

*R.W. v. Manzek*, 888 A.2d 740 (Pa. 2005) (citations omitted).  For the causation element to be satisfied, a plaintiff must show that

the defendant's cause was the proximate cause of the injury. *Hamil*

*v. Bashline*, 392 A.2d 1280, 1284 (Pa. 1978). *Hamil* explains that

>        [p]roximate cause is a term of art denoting
>        the point at which legal responsibility
>        attaches for the harm to another arising out
>        of some act of defendant; and it may be
>        established by evidence that the defendant's
>        negligent act or failure to act was a
>        substantial factor in bringing about the
>        plaintiff's harm. The defendant's negligent
>        conduct may not, however, be found to be a
>        substantial cause where the plaintiff's
>        injury would have been sustained even in the
>        absence of the actor's negligence.

*Hamil*, 392 A.2d at 1284 (internal citations omitted).

Restatement (Second) of Torts § 431 (1965) provides that a

defendant's "negligent conduct is a legal cause of harm to another

if (a) his conduct is a substantial factor in bringing about the

harm, and (b) there is no rule of law relieving the actor from

liability because of the manner in which his negligence has

resulted in the harm." Comment a of § 431 explains the difference

between "substantial cause and cause in the philosophic sense."

>        In order to be a legal cause of another's
>        harm, it is not enough that the harm would
>        not have occurred had the actor not been
>        negligent. Except [in limited
>        circumstances], this is necessary, but it is
>        not of itself sufficient. The negligence
>        must also be a substantial factor in bringing
>        about the plaintiff's harm. The word
>        "substantial" is used to denote the fact that
>        the defendant's conduct has such an effect in
>        producing the harm as to lead reasonable men
>        to regard it as a cause, using that word in
>        the popular sense, in which there always
>        lurks the idea of responsibility, rather than
>        the so-called "philosophic sense," which

> includes every one of the great number of
> events without which any happening would not
> have occurred.  Each of these events is a
> cause in the so-called "philosophic sense,"
> yet the effect of many of them is so
> insignificant that no ordinary mind would
> think of them as causes.

Restatement (Second) of Torts § 431 cmt. a.

Restatement (Second) of Torts § 433 (1965) sets out three considerations important in determining whether the negligent conduct is a substantial factor:

> (a) the number of other factors which
> contribute in producing the harm and the
> extent of the effect which they have in
> producing it;

> (b) whether the actor's conduct has created a
> force or series of forces which are in
> continuous and active operation up to the
> time of the harm, or has created a situation
> harmless unless acted upon by other forces
> for which the actor is not responsible;

> (c) lapse of time.

Restatement (Second) of Torts § 433.  In addition to these factors being important considerations should the question go to the jury, they are important to a court in determining whether there is room for a reasonable difference of opinion on the issue.  *Id.* cmt. a. Other comments clarify considerations which may be at issue here: "the fact that harm which results to another from the actor's negligent conduct is sustained at a place distant from that at which the actor's conduct took place is immaterial in determining whether the actor's conduct is a substantial factor in bringing it

9

about," *id.* cmt. b; where a great length of time has elapsed between the actor's negligence and harm to another, in some situations the effect of the actor's conduct may be insignificant and unsubstantial, but "where it is evident that the influence of the actor's conduct is still a substantial factor, mere lapse of time, no matter how long, is not sufficient to prevent it from being the legal cause of the other's harm," *id.* cmt. (f).

Whether an intervening act is a superseding cause of the injury which would provide insulation from liability for one whose actions have been determined to be a substantial factor in bringing about the harm is governed by Restatement (Second) of Torts § 447 (1965). *See Taylor*, 643 A.2d at 494-95.

> The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if
>
> > (a) the actor at the time of his negligent conduct should have realized that a third person might so act, or
> >
> > (b) a reasonable man knowing the situation existed when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or
> >
> > (c) the intervening act is a normal consequence of a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent.

Restatement (Second) of Torts § 447.

The issue of whether proximate cause is for the court or a jury to decide is addressed in *Taylor v. Jackson*, 643 A.2d 771 (Pa. Commw. Ct. 1994): "our supreme court . . . observed that determination of whether an actor's conduct was a substantial cause of the injuries complained of should not be taken from the jury if the jury may reasonably differ about whether the conduct of the actor has been a substantial factor in causing the harm." *Id.* at 776 (citing *Ford v. Jeffries*, 474 Pa. 588, 379 A.2d 111 (1977)).  This observation is consistent with comment a of Restatement (Second) § 433 set out above.  Thus, "where the facts are uncontroverted and only one inference can be drawn," is the question one of law for the court to determine.  *Bole v. Erie Insurance Exchange*, 50 A.3d 1256, 1262 (Pa. 2012) (McCaffrey, J. dissenting) (citing *Powell v. Drumheller*, 653 A.2d 619, 624 (1995)).  *Taylor* also confirms that the issue of whether a third person's conduct should be considered a superseding/intervening cause of a plaintiff's injuries is for a jury to determine where disputed issues of material fact exist.  643 A.2d at778,

In their supporting brief, Moving Defendants assert that the original accident involving Defendant Hilton is not the proximate cause of Plaintiffs' injuries because the accidents were approximately thirty minutes apart, the accidents were geographically separated by three quarters of a mile, and the second accident involving Plaintiff Joseph Bushta was undisputably

caused by Defendant Whitney driving too fast for conditions and losing control of his tractor trailer.  (Doc. 35 at 8-9.)

Moving Defendants initially rely on *Kite v. Jones*, 132 A.2d 638 (Pa. 1957), and *Bell v, Arace*, 619 A.2d 365 (Pa. Super. Ct. 1993), in support of their argument.  (Doc. 35 at 9-10.) Plaintiffs and Nonmoving Defendants point to *Taylor v. Jackson*, 643 A.2d 771, as the controlling Pennsylvania case in this matter. (Doc. 40 at 5; Doc. 42 at 6.)

Our review of the authority relied upon by the parties indicates that close consideration of *Taylor* must guide our decision.  As in *Taylor*, we find that genuine issues of material fact exist here, and, therefore, summary judgment is not proper.

First, we note that neither *Kite* nor *Bell* deal with multiple vehicular accidents.  In *Kite*, the plaintiff was a pedestrian who was a victim in a collision between a taxicab and an automobile. 132 A.2d at 685.  The plaintiff sued the drivers of the vehicles and a property owner at the location of the accident site, alleging that the fence on the property was too high and caused the traffic hazard which caused the accident.  *Id.*  The court, recognizing the property owner had received notice from the city that the fence created a hazard and needed to be lowered, concluded a jury could reasonably have found the property owner negligent.  132 A.3d at 686.  However, the court held the trial court properly determined that the negligence of the property owner was not the proximate

12

cause of the accident, citing the following applicable principle:

> Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tortfeasor, and thereafter, by an independent act of negligence, brings about an accident, the first tortfeasor is relieved of liability, because the condition created by him was merely a circumstance and not the proximate cause.

*Id.* at 687 (internal quotation and citation omitted).

In *Bell*, the plaintiff was a medical technician who administered aid to a pedestrian who had been struck by a vehicle while crossing the street. 619 A.2d at 367. The plaintiff sued both the driver and the pedestrian, alleging negligence by both (the pedestrian negligent in the manner in which she crossed the street). *Id.* at 367 & n.1. The appellate court upheld the trial court's decision that the defendants' allegedly negligent actions were not the proximate cause of the plaintiff's injuries, agreeing that "[n]either defendant here could reasonably be expected to foresee that the fortuitous acts which served to bring them together would be the source of an injury sustained by a medical technician who would be summoned to the scene of the accident for the purpose of providing aid." *Id.* at 367-68 (internal quotation and citation omitted).

*Taylor* involved a series of accidents on Interstate 80 which began when one of the defendants slowed down or stopped on the roadway due to a sudden heavy rainstorm. 643 A.2d at 773-74. The

initial accident occurred immediately after the lead vehicle slowed down, five minutes later a second accident occurred as traffic backed up, and two hours later a string of vehicles was involved in a third accident approximately one half mile from the second accident scene where traffic was stopped. *Id.* Plaintiff Valerie Taylor was injured in the third accident when the vehicle in which she was a passenger was struck from behind by a delivery truck whose driver asserted that he began to apply his breaks when he saw that the traffic in front of him had stopped. *Id.* at 774, 778. The Commonweath Court, relying on Restatement (Second) of Torts § 447, concluded the trial court had erred in determining the third accident was a superseding and intervening cause of the plaintiff's injuries. *Id.* at 777-78. The court further concluded that a jury should properly resolve the disputed issues of material fact. *Id.* at 778.

In their reply brief, Moving Defendants seek to distinguish *Taylor*, primarily relying on the deposition testimony of Officer Gilhooley, the officer investigating the accident in which Plaintiff Joseph Bushta was injured. (Doc. 44 at 5-6, 9-10.) Moving Defendants specifically cite the following testimony: at the point of the accident involving Bushta, both traffic lanes were open (Doc. 44 at 6 (citing Gilhooley Dep. 14:8-13)); the Bushta vehicle was completely off the roadway when the accident happened (*id.* (citing Gilhooley Dep. 23:22, 24:6)); no diagram of the first

14

accident was included in his report, a report which included
everything significant in the accident (*id.* (citing Gilhooley Dep.
30:13-20)); and Whitney was cited for driving too fast for
conditions (ice and snow) (*id.* (citing Gilhooley Dep. 31:4-8)).
Moving Defendants conclude that the accident was caused by
Defendant Whitney driving too fast for conditions and not because
of traffic congestion. (Doc. 44 at 5-7.) On this basis they
conclude the first accident and any actions of Defendant Hilton are
too remote to be considered the proximate cause of Defendant Joseph
Bushta's injuries--the accident involving Defendant Whitney and
Plaintiff Joseph Bushta was an intervening event that broke the
chain of causation with the initial accident and was the proximate
cause of Plaintiffs' injuries. (*Id.*)

Although Moving Defendants assert that Officer Gilhooley
testified that both lanes of traffic were open (Doc. 44 at 6), the
cited testimony is not submitted as an exhibit. (*See* Doc. 37.)
Even if the cited testimony were provided, we conclude a material
issue of fact would exist on the issue of the traffic situation at
the time of the accident. Contrary to Moving Defendants' assertion
that Officer Gilhooley's testimony is "undisputed" and the evidence
confirms that "[t]raffic from the Hilton accident was free and
moving" when the second impact occurred (Doc. 44 at 5), evidence of
record indicates that traffic was backing up at the time.
Plaintiff Joseph Bushta testified that "as [traffic] was starting

to back up, this truck came down from behind.  And I was watching the people, they're hitting their brakes as they were getting closer.  And then this truck just came and hit my car."  (Doc. 40-6 at 3, Bushta Dep. 29:11-16.)  Crediting Moving Defendants' proffered evidence, we have testimony from Officer Gilhooley, who "was dispatched to investigate the incident involving the Whitney vehicle and Plaintiffs' vehicle" (Doc. 44 at 5), that both lanes of traffic were open and testimony from Plaintiff Joseph Bushta, the officer in charge of handling the traffic backlog which resulted from Defendant Hilton's accident, that traffic was backing up and cars were hitting their brakes.  Gilhooley's observations are necessarily after the fact; Bushta's reflect his recollection of conditions just before the collision.  Given this conflicting evidence, we cannot agree with Moving Defendants that it is undisputed that traffic congestion did not play a role in the Whitney/Bushta collision.  With their arguments, all parties recognize that traffic conditions are material to the issue of causation.[4]  Therefore, this is not a case where the Court can decide the issue of proximate cause as a matter of law and summary judgment is properly denied.

---

[4]  Based on findings regarding the materiality of traffic conditions and the conflicting evidence of record regarding traffic conditions at the time of the Whitney accident, we need not further discuss the other bases on which Moving Defendants distinguish the case at bar from *Taylor* and urge judgment in their favor.

16

### III. Conclusion

For the reasons discussed above, we conclude Defendants, James C. Hilton, Great Wide Transportation, LLC and/or GE Business Financial Services, Inc.'s Motion for Summary Judgment (Doc. 34) is properly denied.  An appropriate Order is filed simultaneously.


S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: October 9, 2013_____