```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

JOSEPH BUSHTA                          :
and JENNIFER BUSHTA,                   :
                                       :CIVIL ACTION NO. 3:12-CV-473
    Plaintiffs,                        :
       v.                              :(JUDGE CONABOY)
                                       :
JAMES C. HILTON, GREAT WIDE            :
TRANSPORTATION, LLC and/or             :
GE BUSINESS SERVICES, INC.,            :
WINSTON J. WHITNEY,                    :
U.S. TRAILER RELOCATORS, LLC           :
and/or RENTAL TRAILERS OF              :
LAREDO,                                :
                                       :
    Defendants.                        :
                                       :

---

**MEMORANDUM**

Here we consider the four motions *in limine* filed by the parties: 1) Plaintiffs' Motion *in Limine* to Preclude Mention of Plaintiff's Workers' Compensation Benefits and Heart and Lung Benefits (Doc. 45); 2) James C. Hilton, Great Wide Transportation, LLC and/or GE Business Financial Services, Inc.'s Motion *in Limine* to Preclude Evidence of Subsequent Remedial Measures or Subsequent Conduct of Defendants (Doc. 47); 3) Motion *in Limine* to Preclude Certain Testimony of Plaintiff's Expert, William E. Walker (Doc. 48); and 4) Motion *in Limine* of Defendants, James C. Hilton, Great Wide Transportation, L.L.C. and/or GE Business Financial Services, Inc., to Preclude Testimony of Plaintiffs' Experts Concerning Speculative Future Spinal Fusion Surgery (Doc. 49).

**I. Plaintiffs' Motion *in Limine* to Preclude Mention of Plaintiff's Workers' Compensation Benefits and Heart and Lung Benefits (Doc. 45)**

With this motion Plaintiffs anticipate that Defendants may attempt to introduce evidence at the time of trial indicating that Plaintiff received workers' compensation benefits and Heart and Lung benefits. (Doc. 46 at 2.) Plaintiffs aver that "evidence of collateral source payments such as workers' compensation and Heart and Lung benefits are inadmissible in a personal injury action." (*Id.*) Citing several Pennsylvania cases in support of their position, Plaintiffs quote extensively from *Walker v. Big Burger Restaurants, Inc.*, 2010 WL 427736 (E.D. Pa. 2010). (Doc. 46 at 2-4.)

Defendants did not file a brief opposing the motion. Pursuant to Local Rule 7.6 of the Local Rules of Court of the Middle District of Pennsylvania, Defendants are deemed not to oppose the motion. Therefore, Plaintiffs' Motion *in Limine* to Preclude Mention of Plaintiff's Workers' Compensation Benefits and Heart and Lung Benefits (Doc. 45) is granted.

**II. James C. Hilton, Great Wide Transportation, LLC and/or GE Business Financial Services, Inc.'s Motion *in Limine* to Preclude Evidence of Subsequent Remedial Measures or Subsequent Conduct of Defendants (Doc. 47)**

With this motion, Defendants James C. Hilton, Great Wide Transportation, LLC and/or GE Business Financial Services, Inc., anticipate that Plaintiffs may attempt to introduce evidence at the

2

time of trial regarding subsequent remedial measures and/or subsequent conduct on the part of Moving Defendants. (Doc. 47 at 6.) Seeking to preclude such evidence based on Federal Rules of Evidence 401, 403, and 407, Moving Defendants do not specify what evidence they anticipate Plaintiffs will attempt to admit.

Plaintiffs did not file a brief opposing the motion. Pursuant to Local Rule 7.6 of the Local Rules of Court of the Middle District of Pennsylvania, Plaintiffs are deemed not to oppose the motion. Therefore, James C. Hilton, Great Wide Transportation, LLC and/or GE Business Financial Services, Inc.'s Motion *in Limine* to Preclude Evidence of Subsequent Remedial Measures or Subsequent Conduct of Defendants (Doc. 47) is granted.

### III. Motion *in Limine* to Preclude Certain Testimony of Plaintiff's Expert, William E. Walker (Doc. 48)

With this motion, Defendants James C. Hilton, Great Wide Transportation, LLC and/or GE Business Financial Services, Inc., seek to preclude the testimony of William Walker, a vocational counselor who has supplied an expert report in support of Plaintiff Joseph Bushta's claim for damages, specifically his claims of future employment and wage loss. (Doc. 48 ¶ 4; Doc. 48 at 8.)

Walker's report includes a review of information found in the narrative report of Joseph Bushta's spinal surgeon, Dr. Sather, regarding the surgeon's opinion that Mr. Bushta will experience additional medical difficulties in the future. (Doc. 48 at 18.)

3

Walker specifically notes Sather's opinion that "he would not be surprised to find levels adjacent to Mr. Bushta's prior fusion to require surgery including another fusion," that activities to be avoided include prolonged heavy lifting and exercises such as running are to be avoided, and that spinal fusion portends future difficulties." (Doc. 48 at 18.) Based on Plaintiff's condition and prognosis, Walker opines that

> Mr. Bushta's continued vocational participation as a Pennsylvania police officer (patrol) is highly suspect. It is my opinion there is a greater degree of probability Mr. Bushta will experience a reduction in work life expectancy, a reduction in work life participation as a police officer, and/or, alternatively, will not be able to perform these essential job duties and be forced to perform a job which is less physically demanding.

(Doc. 48 at 18.) On these bases, Walker provided alternative future wage loss scenarios. (Doc. 48 at 19-21.)

Defendants first assert that Walker is not qualified to offer an opinion regarding Joseph Bushta's medical condition or diagnosis. (Doc. 48 at 4.) They further argue that Walker's opinions are based on unsupported speculation, and therefore lack an adequate foundation for admissibility. (*Id.*) They conclude Walker must be precluded from testifying about any future wage loss and/or inability to perform his job as a state trooper because such testimony is irrelevant, speculative and unduly prejudicial. (*Id.* at 5.)

4

Plaintiffs counter that Defendants' motion must be denied because a proper foundation to introduce Walker's testimony has been laid and he is qualified to give testimony on Joseph Bushta's future earning capacity. (Doc. 59 at 4.) Plaintiffs aver that "[w]ith respect to impairment of earning capacity, the law requires only proof that the injured person's economic horizons have been shortened as a result of the tortfeasor's negligence." (*Id.* at 6.) Plaintiffs also set out the requirements under Pennsylvania law for proving that damages are not purely speculative: "the Court must determine whether the evidence can provide a jury with a reasonable basis to find (1) the existence of a permanent or ongoing injury caused by the defendant; (2) the injury's effect on the plaintiff's earning capacity and (3) the amount of earnings lost due to injury." (*Id.* (citing *Gary v. Mankamyer*, 403 A.2d 87, 89 (Pa. 1979); *Serhan v. Besteder*, 500 A.2d 130, 134-35 (Pa. Super. Ct. 1985)).) Plaintiff then points to evidence in support of each of the requirements. (*Id.* at 6-12.)

Plaintiff also refutes Defendants' assertion that Walker is not qualified to offer an opinion regarding Joseph Bushta's medical condition or diagnosis. (Doc. 59 at 12.) As to Walker's reliance on Dr. Sather's reports, Plaintiffs aver "[i]t is clear that Mr. Walker is relying on a fair reading of Dr. Sather's reports which indicate the fact that Plaintiff had a spinal fusion to treat his symptomatology [which] portends future difficulties and current

5

limitations." (*Id.*) Plaintiffs add

> [t]his is what experts do. They take the opinions of medical experts and come to a conclusion based on their own expertise on the effects of the injury on a Plaintiff's future earning capacity. Mr. Walker uses this evidence put forth by Dr. Sather to come to his conclusions about the limited future earning capacity of the Plaintiff.

(*Id.* at 13.) Plaintiffs conclude that Walker is more than qualified to provide testimony based on his expertise in the area of employment and diminished earning capacity. (*Id.* (citing *Ruzzi v. Butler Petroleum*, 588 A.2d 1, 11 (Pa. 1991)).)

Defendants did not file a reply brief and the time for doing so has passed.

We conclude Defendants have not met their burden of showing that Walker's anticipated testimony to which they object should be excluded. Furthermore, given the facts of this case, the issue of whether a proper foundation has been laid for testimony is best determined in the course of trial. Therefore, the Motion *in Limine* to Preclude Certain Testimony of Plaintiff's Expert, William E. Walker (Doc. 48) is denied.

IV. **Motion *in Limine* of Defendants, James C. Hilton, Great Wide Transportation, L.L.C. and/or GE Business Financial Services, Inc., to Preclude Testimony of Plaintiffs' Experts Concerning Speculative Future Spinal Fusion Surgery (Doc. 49)**

With this motion, Defendants James C. Hilton, Great Wide Transportation, LLC and/or GE Business Financial Services, Inc., seek to preclude experts Sather, Parisi and Walker from providing

6

testimony about the fusion surgery because their proposed testimony contains speculative language. (Doc. 49 at 2.) Defendants Winston J. Whitney and U.S. Trailer Relocators, LLC, concur in the motion. (Doc. 54.) Defendants' arguments are similar to those presented in support of the previously discussed motion *in limine* concerning the speculative nature of Vocational Expert William Walker's anticipated testimony. (*See* Docs. 49, 54.)

Plaintiffs also present similar arguments, asserting that the motion must be denied because the evidence supporting the future spinal fusion surgery is not purely speculative but is instead based upon a reasonable factual basis. (Doc. 57 at 4.) Noting that a plaintiff is entitled to be compensated for "all future medical expenses reasonably likely to be incurred for the treatment and care of his injuries" (Doc. 57 at 5), Plaintiffs assert they can meet this standard. (*Id.* at 6.)

Moving Defendants again did not file a reply brief and the time for doing so has passed.

As decided with the previous motion, we conclude Defendants have not met their burden of showing that the experts' anticipated testimony to which they object should be excluded. Given the facts of this case, whether the requisite standard can be met is a matter to be determined in the course of trial. Therefore, the Motion *in Limine* of Defendants, James C. Hilton, Great Wide Transportation, L.L.C. and/or GE Business Financial Services, Inc., to Preclude

Testimony of Plaintiffs' Experts Concerning Speculative Future Spinal Fusion Surgery (Doc. 49) is denied.

### III. Conclusion

For the reasons discussed above, Plaintiffs' Motion *in Limine* to Preclude Mention of Plaintiff's Workers' Compensation Benefits and Heart and Lung Benefits (Doc. 45) is granted; James C. Hilton, Great Wide Transportation, LLC and/or GE Business Financial Services, Inc.'s Motion *in Limine* to Preclude Evidence of Subsequent Remedial Measures or Subsequent Conduct of Defendants (Doc. 47) is granted; Motion *in Limine* to Preclude Certain Testimony of Plaintiff's Expert, William E. Walker (Doc. 48) is denied; and Motion *in Limine* of Defendants, James C. Hilton, Great Wide Transportation, L.L.C. and/or GE Business Financial Services, Inc., to Preclude Testimony of Plaintiffs' Experts Concerning Speculative Future Spinal Fusion Surgery (Doc. 49) is denied. An appropriate Order is filed simultaneously with this motion.

                                        S/Richard P. Conaboy
                                        RICHARD P. CONABOY
                                        United States District Judge

DATED: November 1,2013